NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-743

CRYSTAL R. MOFFETT AND MARCUS D. MOFFETT

VERSUS

MICHAEL LYONS, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 80484
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and D. Kent Savoie, Judges.

AFFIRMED.

Cooks, J., concurs in part and dissents in part and assigns written reasons.

**Bart J. Hebert**
**J. Brent Barry**
**Boyer & Hebert, LLC**
**401 E. Mills Avenue**
**Breaux Bridge, LA 70517**
**(337) 332-0616**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Crystal R. Moffett**
    **Marcus D. Moffett**

**David R. Rabalais**
**The Dill Firm**
**825 Lafayette Street**
**Lafayette, LA 70502**
**(337) 261-1408**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Michael Lyons**
    **Houston Specialty Ins. Co.**
    **Shannon Gaspard Trucking, LLC**

**SAVOIE, Judge.**

Plaintiffs appeal the trial court's judgment assessing each party with their own court costs. For the following reasons, we affirm the trial court's judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

This appeal arises from an auto accident between Plaintiff Crystal Moffett and Defendant Michael Lyons, after which Mrs. Moffett and her husband filed suit seeking damages. Following trial, a jury awarded damages to Mrs. Moffett.[1]

On September 21, 2016, Plaintiffs filed a Motion to Tax Costs and Set Expert Fees, seeking a total of $33,126.94. Defendants also filed a motion seeking costs under La.Code Civ.P. art. 970, alleging that the judgment was over twenty-five percent less than the Defendants' offer of judgment. A hearing on the costs motions was held on November 3, 2016.

Following a hearing, the trial court denied Defendants' motion[2] and granted Plaintiffs' motion, assessing as costs against the Defendants $14,473.93 of expenses incurred by Plaintiffs, including: $2,031.79 for medical records expense; $7,885.00 as expert fees, and $4,557.14 in judicial interest. The judgment further ordered that each party bear their own court costs. Plaintiffs appeal asserting as their sole assignment of error that "[i]t was an abuse of discretion to cast the prevailing party with their own court costs."

## ANALYSIS

Louisiana Code of Civil Procedure Article 1920 states: "Except as otherwise provided by law, the court may render judgment for costs, or any part thereof,

---

[1] Plaintiffs' appeal of the damages award is at issue in *Moffett v. Lyons*, 17-742 (La.App. 3 Cir. __ / __/18), __ So.3d ___, wherein we increased the total damages awarded to $43,447.00

[2] Defendants' appeal of the trial court's denial of its costs motion is at issue in *Moffett v. Lyons*, 17-742 (La.App. 3 Cir. __ / __/18), __ So.3d ___, wherein we affirmed the judgment.

against any party, as it may consider equitable." "It is well settled that a trial court has broad discretion in the assessment of court costs." *Davis v. Sonnier*, 96-515, p. 19 (La.App.3 Cir. 11/6/96), 682 So.2d 910, 920. "[W]hile it is a general rule that the party cast in judgment is taxed with costs of a proceeding, 'the trial court may assess the costs of a suit in an equitable manner and its assessment of costs can only be reversed by the appellate court upon a showing of an abuse of discretion.'" *Hunter v. Christus Health Central Louisiana*, 13-1057, p. 7 (La.App. 3 Cir. 4/23/14), 137 So.3d 1276, 1281, *writs denied*, 14-1099, 14-1065 (La. 9/12/14), 148 So.3d 934, *citing Este' v. State Farm Ins. Cos.,* 96-99, p. 4 (La.App. 3 Cir. 7/10/96), 676 So.2d 850, 859.

In this matter, Plaintiffs argued that Mrs. Moffett's July 2012 accident caused significant cervical injuries that ultimately resulted in a cervical surgery, and, as a result thereof, Mrs. Moffett incurred over $117,000 in medical expenses as well as extensive general damages. The jury however, awarded Mrs. Moffett with $40,000, which included $11,500 in medical expenses. In *Moffett v. Lyons*, 17-742 (La.App. 3 Cir. __ / __/18), __ So.3d ___, we increased Mrs. Moffett's award for medical expenses to $14,947 in connection with Plaintiffs' appeal of the damages award, but otherwise affirmed the jury's apparent conclusion that the injuries necessitating the cervical surgery were not caused by the July 2012 accident. Given the disparity between the amounts Plaintiffs sought and the amounts awarded, we find no abuse of discretion in the trial court's assessment of costs.

In their brief to this court, Plaintiffs argue that the trial court's written reasons in connection with the parties' cross-motions to tax costs suggest that the trial court intended to assess Plaintiffs' court costs to Defendants but that the award

2

was omitted in the judgment. Specifically, Plaintiffs note that in connection with calculating whether the total award against Defendants was sufficiently less than Defendants' offer of judgment made pursuant to La.Code Civ.P. art. 970, the trial court included the total of *Plaintiffs'* court costs.[3] However, "[i]n Louisiana, the trial court's oral and written reasons for judgment are not considered as part of the judgment. Thus, appellate courts review only the judgment and not the reasons for judgment." *Tassin v. Tassin*, 14-488, p. 6 (La.App. 3 Cir. 12/3/14), 161 So.3d 818, 823 (citations omitted). As noted above, we find no abuse of discretion in the trial court's judgment assessing Plaintiffs with their own court costs.

## CONCLUSION

For the reasons set forth above, the judgment ordering each party to bear their own court costs is affirmed. Costs of this appeal are assessed to Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

[3] In *Moffett v. Lyons,* 17-744 (La.App. 3 Cir. __ / __/18), __ So.3d ___, we considered the amount of Defendants' court costs, which was similar to the amount of Plaintiffs' court costs, in connection with the La.Code Civ.P art. 970 calculation.